UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AARON A. YARBOROUGH,

              Plaintiff,

v.

TOOELE COUNTY DETENTION
CENTER, DAVID NUFFER,
UNITED STATES ATTORNEY'S OFFICE,
VERNON STEJSKAL, and
UNKNOWN PARTIES,

              Defendants.

_____/

Case No. 1:22-cv-96

Hon. Janet T. Neff

**ORDER TO TRANSFER VENUE**

Plaintiff Aaron A. Yarborough, through counsel, filed this action against the Tooele

County Detention Center, United States District Judge David Nuffer, the United States Attorney's

Office ("USAO"), Assistant United States Attorney ("AUSA") Vernon Stejskal, and "any yet to

be discovered liable parties."  Compl. (ECF No. 1, PageID.1).   Defendant Tooele County

Detention Center has not appeared in this case.  The remaining defendants have filed motions to

dismiss.  *See* AUSA Stesjskal and USAO's Motion to dismiss (ECF No. 5) and United States

District Judge Nuffer's Motion to dismiss (ECF No. 6). This matter has been referred to the

undersigned pursuant to 28 U.S.C. § 636 and W.D. Mich. LCivR 72 for handling of all matters

under § 636(a) and § 636(b)(1)(A) and for submission of recommendations on dispositive motions

under § 636(b)(1)(B). *See* Order (ECF No. 4).   For the reasons discussed below, the Court

1

concludes that this case should be transferred to the United States District Court for the District of Utah.[1]

## I.      Background

Plaintiff Aaron A. Yarborough (aka Yarbrough) resides in the City of Grand Rapids in Kent County, Michigan.   Compl. at PageID.1.  Defendant Judge Nuffer is a resident of Utah. Compl. at PageID.3-4. Defendant AUSA Vernon Stejskal is an employee of the USAO and resides in Utah.  *Id*. at PageID.4.  Finally, defendant Tooele County Detention Center is located in Tooele County, Utah. *Id*.

All of the matters which give rise to this lawsuit occurred in Utah, where plaintiff was arrested on January 29, 2020, and pled guilty to a federal drug offense on or about August 12, 2021.  While the complaint refers to the federal criminal prosecution and related exhibits, the complaint did not identify the criminal action and did not include exhibits.  *See* Compl. at PageID.1-42.  Defendants have identified plaintiff's federal criminal case as *United States v. Thaddeus Christopher George Lutcher, Jaquarie Terell Pratt, Aaron Andre Yarbrough, and Franciso Filipe Valenzuela*, Case No. 4:20-cr-00022 (D. Utah).  *See* AUSA Stejskal and USAO's Memorandum at PageID.53; Judge Nuffer's Brief at PageID.77.

## II.      Plaintiff's complaint

On January 29, 2020, plaintiff, Mr. Lutcher, Mr. Pratt, and Mr. Valenzuela were pulled over, arrested, and criminally charged for possession of narcotics with the intention to

---

[1] "The transfer of venue is a non-dispositive matter." *Marshall v. George*, No. 1:20-cv-722, 2020 WL 6318593 at *1, fn 1 (W.D. Mich. Oct. 28, 2020), citing *Carstens v. Michigan Department of Treasury*, No. 1:09-cv-664, 2009 WL 2581504 (W.D. Mich. Aug. 18, 2009) and *Horacek v. Heyns*, No. CIV.A. 14-13545, 2015 WL 799540 at *3, fn 1 (E.D. Mich. Feb. 25, 2015) ('motions to change venue are non-dispositive because they do not address the merits of the parties' claims and should proceed by order rather than report and recommendation.')."

distribute.  Compl. at PageID.5-6.  Plaintiff was sent to the Sevier County Jail and eventually

moved to the Tooele County Detention Center.  *Id*. at PageID.6.  Plaintiff alleged,

> On February 5, 2020, Mr. Yarbrough was indicted for possession with intent
> to distribute methamphetamine and fentanyl in violation of 21 U.S.C. 841(a)(1). On
> February 7, 2020, the government issued an arrest warrant for Mr. Yarbrough. Mr.
> Yarbrough was then arrested and detained pending trial from February 7th, 2020,
> until on or around August 12, 2021, when he was released after the Defendant
> prosecutor Stejskal dropped the narcotic distribution charges and charged the
> plaintiff with federal misdemeanor marijuana possession.

*Id*. at PageID.7-8.

> The federal criminal case resulted in a guilty plea:

> On August 12th, 2021, Defendant Stejskal entered an indictment for
> misdemeanor marijuana possession against the Plaintiff, which, under duress, the
> Plaintiff waived and entered a guilty plea to. The Plaintiff disputes that Marijuana
> is, or under regular circumstances, would have been treated as a schedule I drug,
> but for his wrongful detention and prosecution, the federal attorney's office would
> not have chosen to prosecute him for marijuana possession. A schedule I drug is
> noted as a drug or other substance that has "no currently accepted medical use in
> treatment in the United States." 21 U.S.C.A. § 812 (West). Being detained for over
> a year and a half without a trial and or probable cause, the Plaintiff waived his
> defense against the indictment for the lawfully purchased marijuana [sic] and
> sought to be released from suffering as soon as possible.

> The Plaintiff was released from Tooele Detention Center on August 15th,
> 2021, and promptly made his way back to Grand Rapids, MI., where he retained
> counsel and began working towards seeking compensation for his false
> imprisonment and human rights violations.

*Id*. at PageID.13-14.

Plaintiff alleged five counts: Count I ("Violations of Equal Protection and Due

Process under 42 U.S.C. § 1983" (*Id*. at PageID.14-17); Count II ("Violation of Right to Speedy

Trial & Speedy Trial Act") (*Id*. at PageID.17-19); Count III ("False Imprisonment") (*Id*. at

PageID.19-21); Count IV ("Malicious Prosecution") (*Id*. at PageID.21-24); [the complaint does

not include a Count V or a Count VI]; and, Count VII ("Intentional Infliction of Emotional

3

Distress") (*Id.* at PageID.24-26).  For his relief, plaintiff asks for compensatory damages, punitive damages, interest, costs, and attorney's fees.  *Id.* at PageID.28.

### III.   Discussion

Upon reviewing the filings, it is clear to the Court that venue is not proper in the Western District of Michigan.[2]  The Court may transfer venue *sua sponte*.  *See Schultz v. Ary*, 175 F. Supp. 2d 959, 964 (W.D. Mich. 2001).  *See generally*, *Flynn v. Greg Anthony Construction Co., Inc.*, 95 Fed. Appx. 726, 738 (6th Cir. 2003) (noting federal courts have power to transfer cases *sua sponte* under 28 U.S.C. §§ 1404(a) and 1406(a)).  The general venue provision in 28 U.S.C. § 1391(b) provides:

A civil action may be brought in—

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

"Plaintiff bears the burden of showing that venue is proper."  *Verbis v. Iowa Dept. of  Human Services*, 18 F. Supp. 2d 770, 774 (W.D. Mich. 1998).  "Venue must be proper for each claim and as to each defendant in order for the court to retain the action."  *Id.*

---

[2] The Court notes that defendants seek dismissal on a number of grounds, including improper venue.  *See* AUSA Stejskal and USAO's Memorandum (ECF No. 6, PageID.71-73); Judge Nuffer's Brief (ECF No. 9, PageID.87-88). While the Court has considered the parties' arguments on venue, this order does not address the merits of defendants' pending motions to dismiss (ECF Nos. 5 and 8).

Here, neither the defendants nor the events have any connection to the Western District of Michigan.  With respect to 28 U.S.C. § 1391(b)(1), all of the defendants reside in the District of Utah.  With respect to 28 U.S.C. § 1391(b)(2), all of the events giving rise to plaintiff's claims occurred in a federal criminal prosecution in the District of Utah in *United States v. Lutcher et al.*, 4:20-cr-00022-DN-3: plaintiff was arrested in Utah; defendant Judge Nuffer presided over the case; defendants AUSA Vernon G. Stejskal and the USAO represented the United States in the case; and plaintiff was held at defendant Tooele County Detention Center in Utah.   In short, venue is not proper in this district.  *See* 28 U.S.C. § 1391(b).

In reaching this determination, the Court has considered 28 U.S.C. § 1391(e)(1) which provides in pertinent part that, "[a] civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which . . . (C) the plaintiff resides if no real property is involved in the action."  Section 1391(e)(1) does not apply in this lawsuit, which seeks monetary damages brought against federal employees in their individual capacities. *See Stafford v. Briggs*, 444 U.S. 527, 542, 544-45 (1980) (finding that Congress did not intend for section 1391(e) to allow nationwide venue against federal officers individually, which would impose a burden on government employees who would be required to defend a personal damages action in a "variety of distant districts[.]")

Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  Upon review

of the record in this case, the Court concludes that it is in the interest of justice to transfer this case

to the district in which it was brought.  For the reasons discussed, the proper venue for plaintiff's

case is the District of Utah, where all defendants reside and where all of the events occurred.  *See*

28 U.S.C. § 1391(b).

In addition, even if the Court had concluded that venue was proper in the Western

District of Michigan, this is not the appropriate venue to litigate plaintiff's lawsuit.  Title 28 U.S.C.

§ 1404(a) states in pertinent part that, "[f]or the convenience of parties and witnesses, in the interest

of justice, a district court may transfer any civil action to any other district  .  .  .  where it might

have been brought[.]"

> Courts interpreting Section 1404(a) have held that a court may transfer an action
> when: (1) the transferred action could have been brought in the transferee court, (2)
> a transfer would serve the interests of justice, and (3) a transfer would serve the
> convenience of the parties and witnesses.

*United States v. P.J. Dick Inc.*, 79 F. Supp. 2d 803, 806 (E.D. Mich. 2000) (internal quotation

marks omitted).

The factors that guide a district court when deciding whether to transfer a case

include,

> (1) the convenience of witnesses; (2) the location of relevant documents and
> relative ease of access to sources of proof; (3) the convenience of the parties; (4)
> the locus of the operative facts; (5) the availability of process to compel the
> attendance of unwilling witnesses; (6) the relative means of the parties; (7) the
> forum's familiarity with the governing law; (8) the weight accorded the plaintiff's
> choice of forum; and (9) trial efficiency and the interests of justice, based on the
> totality of the circumstances.

*Overland, Inc. v. Taylor*, 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000) (citation omitted).

Plaintiff's lawsuit arises from his federal criminal prosecution in Utah.  He is suing

the individuals involved in that prosecution. The Court concludes that, for the convenience of the

parties and witnesses, as well as in the interests of justice, plaintiff's lawsuit must be transferred to the District of Utah, where he was arrested, indicted, held in custody, pled guilty and sentenced.

### IV.    Conclusion

For all of these reasons, **IT IS ORDERED** that this case be transferred to the United States District Court for the District of Utah pursuant to 28 U.S.C. §§ 1404(a) and 1406(a).

Dated:  January 31, 2023                              /s/ Ray Kent
                                                      RAY KENT
                                                      United States Magistrate Judge